UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OLGA S. MULDROW,

               Plaintiff,

vs.                           Case No.  2:04-cv-465-FtM-33SPC

STATE  OF  FLORIDA;  ANTHONY  J.
SCHEMBRI, in his official capacity
as  the  Director  of  the  Florida
Department of Juvenile Justice,

               Defendants.
_____

**<u>ORDER</u>**

This matter comes before the Court on Defendants' Motion to Dismiss and/or Motion for More Definite Statement (Doc. #11) filed on January 31, 2005.  The Plaintiff filed a Response in Opposition (Doc. #18) on March 10, 2005.  The Court has reviewed the motion to dismiss and for the reasons stated herein finds that dismissal without prejudice is warranted.

**I.   STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party.  <u>See</u> <u>Magluta v. Samples</u>, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing <u>Hawthorne v. Mac Adjustment, Inc.</u>, 140 F.3d 1367, 1370 (11th Cir. 1998)).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355

U.S. 41, 45-46 (1957)(footnote omitted); <u>Marsh v. Butler County, Ala.</u>, 368 F.3d 1014, 1022 (11th Cir. 2001)(en banc).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." <u>Conley</u>, 355 U.S. at 47. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." <u>United States v. Baxter Int'l, Inc</u>., 345 F.3d 866, 881 (11th Cir. 2003)(quoting <u>Conley</u>, 355 U.S. at 47). The complaint must contain inferential allegations from which the Defendant can derive "each of the material elements necessary to sustain a recovery under some viable theory." <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 684 (11th Cir. 2001). Thus, the issue in a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her claims, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. <u>Jackam v. Hosp. Corp. of Am. Mideast, Ltd.</u>, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

## II.   BACKGROUND

The Complaint (Doc. #1) sets forth the following pertinent facts, which are assumed to be true for the purpose of deciding this motion. Plaintiff Muldrow is an African-American female born on February 27, 1956, who was employed as a registered nurse for the

State of Florida at the Florida Department of Juvenile Justice ("FDJJ"). (Doc. #1 at ¶¶3 and 10.)  The facility supervisor at the FDJJ was Steve Mullis, while Robert Dekeulenaere served as Muldrow's supervisor.  (Doc. #1 at ¶¶12 and 14.)  Dekeulenaere harassed Muldrow and treated her differently because she is an African-American female and because of her age.  (Doc. #1 at ¶¶17 and 19.) Dekeulenaere has a pattern of harassing African-American females. (Doc. #1 at ¶¶18.)  Specifically, Dekeulenaere gave Muldrow extra work to do including jobs to lighten the workload of white staff members; told her she was too old to work; consistently reprimanded Muldrow publically and told her to leave if she didn't like it; and consistently made Muldrow the point of scornful racist or age related jokes.  (Doc. #1 at ¶¶20-24.)

Muldrow complained about the treatment she received from Dekeulenaere to Mullis.  (Doc. #1 at ¶26.)  After attending various meetings with Muldrow, Mullis  responded by saying, "Why don't you transfer to the other facility?"  (Doc. #1 at ¶28.)  Because Muldrow felt that her only option to avoid the discrimination was to leave, she transferred to another facility. (Doc. #1 at ¶29.)

Muldrow's Complaint (Doc. #1) consists of five counts: Count I - Retaliation in Violation of Title VII; Count II - Retaliation and Reprisal Discrimination under Florida Statute 760; Count III - Intentional Infliction of Emotional Distress; Count IV - Race, Age,

and Sex Discrimination under Florida Statute 760; and Count V - Race, Age, and Sex Discrimination under Title VII.[1]

The Defendants raise four issues in their Motion to Dismiss and/or Motion for More Definite Statement (Doc. #11). The Defendants argue that first, Muldrow's claims under Chapter 760 of the Florida Statutes are barred (Doc. #11 at ¶2); next, Muldrow's claim for intentional infliction of emotional distress fails to state a cause of action (Doc. #11 at ¶3); third, Muldrow fails to state a cause of action under her Title VII claims (Doc. #11 at ¶4); and finally, Muldrow's claims of retaliation and discrimination based on race, age, and sex fail to state anything but mere conclusory allegations. (Doc. #11 at ¶5.) In the alternative, Defendants contend that the Complaint (Doc. #1) is ambiguous and they move for a more definite statement. (Doc. #11 at ¶6.)

## III. ANALYSIS

### A.   *Discrimination*

Muldrow alleges that the inappropriate behavior by Dekeulenaere and Mullis constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and its state law counterpart, the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01- 760.11 ("FCRA").[2] Title VII makes it unlawful

---

[1]Muldrow erroneously labels her heading for Count V Title IIV.

[2]Since FCRA essentially mirrors Title VII, Florida courts look to federal case law in construing Title VII. Speaks v. City of
(continued...)

for an employer "to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Defendants contend that Muldrow's claims under the FCRA are barred because Muldrow failed to file a charge with the Florida Commission on Human Relations ("FCHR") as required by Florida Statute § 760.11(4).  However, Muldrow filed a claim with the Equal Employment Opportunity Commission ("EEOC").  In turn, the EEOC issued a right to sue letter.  Thus, Muldrow's claims are not barred because a filing with the EEOC "automatically operate[s] as a dual-filing with the FCHR."  <u>Woodham v. Blue Cross and Blue Shield of Fla., Inc.</u>, 829 So.2d 891, 893 n. 1 (Fla. 2002); <u>Palisano v. City of Clearwater</u>, 219 F.Supp.2d 1249, 1252-3 (M.D. Fla. 2002).

To establish a discrimination claim under Title VII, Muldrow must show: (1) that she belongs to a protected class; (2) that she suffered an adverse employment action; (3) that she was qualified to do her job; and (4) that she was treated less favorably than similarly situated employees outside of the protected class.  <u>Lathem v. Dep't of Children and Youth Serv.</u>, 172 F.3d 786, 792 (11th Cir. 1999).  Muldrow has the initial burden of establishing a *prima facie* case, then the burden shifts to the employer to state a legitimate,

---

[2](...continued)
<u>Lakeland</u>, 315 F. Supp. 2d 1217, 1222 n. 14 (M.D. Fla. 2004).

non-discriminatory basis for the conduct.  See  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Muldrow alleges that the following facts support her claims of discrimination: she was given extra work to do; she was given the dirty jobs; she was told she was too old to work; she was consistently reprimanded publically; she was made the point of racist or age related jokes; and she was told to leave if she did not like it.  When Muldrow complained to Mullis, Muldrow was told to transfer to another facility.  Because Muldrow has not shown that she has suffered an adverse employment action nor that she was treated less favorably than other similarly situated employees outside the protected class, she has failed to state a *prima facie* case of discrimination.

To establish an adverse employment action, Muldrow needs to show that there was a "material and serious change in the terms and conditions of employment." Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001).  "An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.'" Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000) (quoting Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3rd Cir. 1997)).  Changes in work assignments do not

-6-

usually constitute adverse employment actions.  See <u>Davis</u> 245 F.3d at 1244-45.  While Muldrow contends that she transferred because she understood it was her only option to avoid mistreatment, she fails to that show she suffered an adverse employment action as she chose to transfer.

In addition, Muldrow has not shown that she was treated less favorably that other similarly situated employees outside the protected class.   Muldrow only states that she was treated differently and that she was given dirty jobs to lighten the load of white staff members.   "To show that employees are similarly situated, the plaintiff must show that the 'employees are similarly situated in all relevant respects.'"   <u>Knight v. Baptist Hosp. of Miami, Inc.</u>, 330 F.3d 1313, 1316 (11th Cir. 2003).  Muldrow fails to show that she was treated different than other similarly situated employees.  As Muldrow does not state how other similarly situated employees were treated, she fails to state a *prima facie* claim of discrimination under Title VII or the FCRA.

### B.   *Retaliation*

Retaliation is a separate violation of Title VII, and therefore Muldrow need not prove the underlying discrimination claim, as long as she had a reasonable good faith belief that the discrimination existed.  <u>Gupta</u>, 212 F.3d at 586.

In order to establish a *prima facie* retaliation claim under Title VII, Muldrow must prove: (1) she engaged in a statutorily protected activity; (2) an adverse employment action occurred; and

(3) the adverse action was casually related to her protected activity. Little v. United Tech., Carrier Transicold Div., 103 F.3d 956, 959 (11th Cir. 1997). Muldrow does not show that she faced an adverse employment action as a result of engaging in a statutorily protected activity. An adverse employment action under Title VII's anti-retaliation clause occurs when an action is an ultimate employment decision "such as termination, failure to hire, or demotion," or "meets some threshold level of substantiality." Stavropoulos v. Firestone, 361 F.3d 610, 616-17 (11th Cir. 2004). In this case, Muldrow does not show that she engaged in a statutorily protected activity. She merely argues that she transferred to avoid discrimination. (Doc. #1 at ¶31.) Thus, Muldrow fails to state a claim for Title VII retaliation.

### C.   Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress is a question of law to be determined by the Court. Vance v. S. Bell Tel. and Tel. Co., 983 F.2d 1573, 1575 n. 7 (11th Cir. 1993) (citing Baker v. Fla. Nat'l Bank, 559 So.2d 284, 287 (Fla. 4th DCA 1990)). To state a claim for intentional infliction of emotional distress under Florida law, Muldrow must show: (1) deliberate or reckless infliction of mental suffering by defendant; (2) by outrageous conduct; (3) which conduct of the defendant must have caused the suffering; and (4) the suffering must be severe. Howry v. Nisus, Inc., 910 F.Supp. 576, 580 (M.D. Fla. 1995)(citing Metro. Life Ins. Co. v. McCarson, 467

So.2d 277, 278 (Fla. 1985)). "Liability has been found only where the conduct has been so outrageous in character . . . as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." McCarson, 467 So.2d at 278-79.

Claims of intentional infliction of emotional distress related to employment discrimination cases have been consistently rejected as failing to meet the threshold burden. Howry, 910 F.Supp. at 580 (citing Golden v. Complete Holdings, 818 F.Supp. 1495 (M.D. Fla. 1993)). For instance, the Eleventh Circuit Court of Appeals found that a noose hung over an African-American employee's workstation and disparate treatment did not meet the requisite outrageous conduct standard. Vance, 983 F.2d at 1575 n. 7. Likewise, in Lay v. Roux Laboratories, Inc., 379 So.2d 451, 452 (Fla. 1st DCA 1980), the court did not find the outrageous conduct requirement was met where the defendant used verbal attacks and racial epithets, as well as threatened the plaintiff with the loss of her job. Similarly, the outrageous conduct standard was not satisfied where plaintiff claimed a superior made a comment about preferring non-ethnic people manning the front desk coupled with an altercation in the office of the supervisor. Weld v. S.E. Co., 10 F.Supp.2d 1318, 1320-23 (M.D. Fla. 1998). Finally, outrageous conduct was not found in Williams v. Worldwide Flight Svs. Inc., 877 So.2d 869, 870 (Fla. 3d DCA 2004), where plaintiff was called racial slurs by supervisors in

front of other employees, was often told his "black ass" was not wanted at work by his supervisor, was given extra work to eliminate break time, was falsely accused of stealing, and was consistently threatened with job termination.  Comparatively, the court in <u>Nims v. Harrison</u>, 768 So.2d 1198, 1199 (Fla. 1st DCA 2000), found outrageous conduct where there were allegations of death threats and threats to rape the plaintiff's children and other family relatives. Considering the stringent outrageous conduct standard under Florida law, Muldrow fails to show that Defendants' conduct was so reprehensible to meet the outrageous requirement under Florida law.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss and/or Motion for More Definite Statement (Doc. #11) is **GRANTED** without prejudice.  Muldrow is granted leave to file an Amended Complaint within TWENTY DAYS of the date of this Order.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this  16th  day of August, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

-10-

Copies:

All Counsel of Record